UNITED STATES DISTRICT COURT
For The
Southern District of Illinois

CHARLES E. THORNTON,

Plaintiff,

CASE NUMBER: 17-761-DRH

V.

CIVIL RIGHTS COMPLAINT

pursuant to 42 U.S.C § 1983

JACQUELINE LASHBROOK,
WARDEN; sued in her official
and individual capacities; DR.
TROST; GAIL WALLS RN; sued
in their individual capacities,

Defendant.

SCANNED AT MENARD and E-mailed
7-20-17 by SG 18 pages
date    initials   No.

I JURISDICTION

Plaintiff:

A. Plaintiff's mailing address, register number, and present place of confinement:

   Charles E. Thornton #Y19115
    P.O. Box 1000
    Menard, IL 62259

Defendant #1:

B. Defendant Jacqueline Lashbrook is employed as Warden/Cheif Administrative Officer with Menard Correctional Center at 711 Kaskaskia Street Menard, IL 62259-0711

At the time the claim(s) alleged this complaint arose, was Defendant #1 employed by the state, local, or federal government?
☒ Yes   ☐ No

If your answer is yes, briefly explain: Defendant Jacqueline Lashbrook is the Cheif Administrative Officer/warden at Menard and has the "overall responsibility for providing adequate medical care and for reviewing all administrative appeals. Defendant Jacqueline Lashbrook at all relevant times were acting, and continue to act, under color of state law at all times relevant to this complaint.

**Defendant #2:**

C.  Defendant __DR. Trost__ is employed as
    (Name of Second Defendant)

__Doctor__
(Position/Title)

with __Menard Correctional Center at 711 Kaskaskia street__
(Employer's Name and Address)

__Menard, IL 62259-0711__

At the time the claim(s) alleged in this complaint arose, was Defendant #2 employed by the state, local, or federal government?  ☒ Yes  ☐ No

If you answer is YES, briefly explain: Defendant Dr. Trost has the responsibility to gave prisoner's competent medical in the form of diagnosis and treatment as is reasonably available under the circumstances of confinement and medical condition. Defendant Dr. Trost acted under color of state law at all times relevant to this complaint

**Additional Defendant(s) (if any):**

#3  D.  Using the outline set forth above, identify any additional Defendant(s).
Defendant Gail Walls is employed as Cheif Administrative RN with Menard Correctional Center at 711 Kaskaskia street Menard, IL 62259-0711. Defendant Gail Walls is employed by the state.

Defendant Gail Walls is the Cheif Administrative RN at Menard and is generally responsible for ensuring provision of medical treatment including scheduling medical appointments and making sure prisoner's receives their prescribed medication. Defendant Gail Walls at all relevant times were acting, and continue to act, under color of state law at all times relevant to this complaint

(Rev. 7/2010)                               2

II. **PREVIOUS LAWSUITS**

   A. Have you begun any other lawsuits in state or federal court relating to your imprisonment? ☑ Yes ☐ No

   B. If your answer to "A" is YES, describe each lawsuit in the space below. If there is more than one lawsuit, you must describe the additional lawsuits on another sheet of paper using the same outline. <u>Failure to comply with this provision may result in summary denial of your complaint</u>.

   1. Parties to previous lawsuits:
      Plaintiff(s): Charles E. Thornton

      Defendant(s): Doctor Sims, Nurse Onyechamon

   2. Court (if federal court, name of the district; if state court, name of the county): United States District Court Northern District of Illinois

   3. Docket number: 13 C 8029

   4. Name of Judge to whom case was assigned: Honorable Judge Jorge L. Alonso

   5. Type of case (for example: Was it a habeas corpus or civil rights action?): Inadequate Medical care / deliberate indifference.

   6. Disposition of case (for example: Was the case dismissed? Was it appealed? Is it still pending?): Settlement agreement

   7. Approximate date of filing lawsuit: November 7, 2013

   8. Approximate date of disposition: N/A

A. Have you begun any other lawsuits in state or federal court relating to your imprisonment?  ☒ Yes ☐ No

B.
1. Parties to previous lawsuits:
   Plaintiff(s): Charles E. Thornton

   Defendant(s): Dr. Baker, Nurse Onyeachamon

2. Court (if federal court, name of the district; if state court, name of county): United States District Court Northern District of Illinois

3. Docket number: 14 C 6477

4. Name of Judge to whom case was assigned: Honorable Judge Jorge L. Alonso

5. Type of case (for example: Was it a habeas corpus or civil rights action?): Inadequate Medical care/deliberate indifference.

6. Disposition of case (for example: Was the case dismissed? Was it appealed? Is it still pending?): Settlement agreement

7. Approximate date of filing lawsuit: November 7, 2013

8. Approximate date of disposition: N/A

A. Have you begun any other lawsuits in state or federal court relating to your imprisonment?  ☒ Yes ☐ No

B.
1. Parties to previous lawsuits:
Plaintiff(s): Charles E. Thornton

Defendant(s): M. LAKE

2. Court (if federal court, name of the district; if state court, name of the county): United States District Court Northern District of Illinois

3. Docket number: 16 C 5952

4. Name of Judge to whom case was assigned: Honorable Judge Jorge L. Alonso

5. Type of case (for example: Was it a habeas corpus or civil rights action?): Retaliation & Equal Protection

6. Disposition of case (for example: Was the case dismissed? Was it

appealed? Is it still pending?): Still pending

7. Approximate date of filing lawsuit: July 7, 2014

8. Approximate date of disposition: N/A

III. **GRIEVANCE PROCEDURE**

A. Is there a prisoner grievance procedure in the institution? ☒ Yes  ☐ No

B. Did you present the facts relating to your complaint in the prisoner grievance procedure? ☒ Yes  ☐ No

C. If your answer is YES,
   1. What steps did you take? I filed a grievance and exhausted my administrative remedies.

   2. What was the result? My medication was renewed but I was denied adequate medical treatment.

D. If your answer is NO, explain why not.

E. If there is no prisoner grievance procedure in the institution, did you complain to prison authorities? ☐ Yes  ☐ No

F. If your answer is YES,
   1. What steps did you take?

   2. What was the result?

G. If your answer is NO, explain why not.

H. Attach copies of your request for an administrative remedy and any response you received. If you cannot do so, explain why not:

(Rev. 7/2010)                                    4

IV. STATEMENT OF CLAIM

A. State here, as briefly as possible, when, where, how, and by whom you feel your constitutional rights were violated. Do not include legal arguments of citations. If you wish to present legal arguments or citations, file a separate memorandum of law. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. If your claims relate to prison disciplinary proceedings, attach copies of the disciplinary charges and any disciplinary hearing summary as exhibits. You should also attach any relevant, supporting documentation.

1. On or about March 6, 2017 Plaintiff was told by a RN who gave him his medication of Neurontin that it was expiring on March 7, 2017. On March 7, 2017 my prescription of Neurontin expired. Plaintiff was left without medication for his severe pain.

2. Plaintiff repeatedly submitted urgent sick call requests informing the health Care Unit about the chronic and agonizing pain Plaintiff was suffering without the renewed prescription of Neurontin. A medication used to treat Plaintiff Medical condition of a pre-existing injury of a gun shot to Plaintiff oropharynx. Plaintiff was shot in the mouth and a bullet is lodged at his C2-C3 vertebrae in Plaintiff neck a few inches from his spinal cord that caused Plaintiff nerve damage, resulting in severe pain, as well as reduced mobility in Plaintiff neck, right shoulder, right arm, and back. Plaintiff was told by Doctors from John H. Stroger Jr. Hospital and Dr. Baker from the Cook County Jail that the bullet could not be removed because it is to close too Plaintiff spinal cord and Surgery may result in paralysis.

3. Plaintiff scheduled appointment with Defendant Dr. Trost was cancelled on 3/12/17. Plaintiff than filed a emergency grievance #83-3-17 for review by Defendant Jacqueline Lashbrook Warden/Cheif Administrative

(Rev. 7/2010) 5

Officer explaining how Plaintiff was now experiencing severe pain that was chronic from Plaintiff medical condition of Nerve damage. Plaintiff also stated how the severe pain put restrictions on Plaintiff daily day-to-day living experiences. Plaintiff also stated how the health care unit has done nothing to even reduce the pain in which Defendant Gail Walls RN is the health Care Unit Administrator. Plaintiff scheduled appointment with Defendant Dr. Trost again was cancelled on 3/15/17. Plaintiff scheduled appointment with Defendant Dr. Trost was again cancelled on 3/17/17.

Because of the repeated delays Defendant Dr. Trost never inquired into Plaintiff severe pain. Defendant Dr. Trost never gave Plaintiff any treatment for Plaintiff medical condition of Nerve damage. Which prolonged, manifest, and agonizing pain which Plaintiff experienced because of the repeated delays.

The medical staff could have prevented Plaintiff prolonged, manifest and agonizing pain by continuing Plaintiff treatment of Neurontin.

On 3/19/17 Plaintiff prescription for Neurontin was renewed not by Defendant Dr. Trost but by assistant physician M. Moldenhaver. Plaintiff didn't start receiving the prescription of Neurontin until 3/29/17. Plaintiff didn't receive any form of medication to even reduce Plaintiff pain.

Plaintiff also have been denied ready access to a physician for Plaintiff medical condition.

From 3/7/17 at the time Plaintiff medication expired until 3/29/17 Plaintiff repeatedly experienced difficulty and discomfort getting in and out of his top bunk from pain, aggravated reduced mobility, and Plaintiff right shoulder and right arm which Plaintiff had to use in order to get in and out of his top bunk. Plaintiff also experienced difficulty and discomfort trying to get a healthy nights rest due to the fact Plaintiff couldn't lay his head a certain way on his pillow because Plaintiff couldn't rest his neck on the area where the bullet is lodged at. Plaintiff tossed and turned at night because Plaintiff couldn't rest on his right side. Plaintiff daily activities was affected by Plaintiff severe pain and difficulty and discomfort to

Stretch his right arm out to exercise or utilize his right arm in certain ways. Plaintiff experienced pain that felt like pins and needles constantly sticking Plaintiff in his right arm. Plaintiff pains was so serious that at times Plaintiff was unable to read, write and leave his cell at times. Plaintiff also felt severe pain from bending over and bending down Plaintiff experienced what felt like lighting shooting up and down Plaintiff spinal cord. Plaintiff pain became so unbearable at times Plaintiff could not stand.

On information and belief, when a prisoner files a grievance, the grievance staff calls the matter to the attention of those individuals responsible for the matter that the grievance concerns.

On information and belief, Plaintiff scheduled appointments with Defendant Dr. Trost to provide treatment was also cancelled based on deficiences with in the health care unit system.

The failure of Defendant Lashbrook, Defendant Dr. Trost, Defendant Wails to provide Plaintiff the needed medical treatment. Dispite its knowledge of Plaintiff serious medical needs, constituted deliberate indifference to Plaintiff serious medical needs.

## V. REQUEST FOR RELIEF

State exactly what you want this court to do for you. If you are a state or federal prisoner and seek relief which affects the fact or duration of your imprisonment (for example: illegal detention, restoration of good time, expungement of records, or parole), you must file your claim on a habeas corpus form, pursuant to 28 U.S.C. §§ 2241, 2254, or 2255. Copies of these forms are available from the clerk's office.

A. Issue a declaratory judgment stating that:
1. Defendant Lashbrook and defendant Trost and defendant Walls actions in failing to provide adequate medical care and treatment for the Plaintiff violated, and will continue to violate, the Plaintiff's rights under the Eighth Amendment to the United States Constitution.

B. Issue an injunction ordering defendants Lashbrook, Walls, or their agents to:
1. Immediately arrange for the Plaintiff to have follow-up medical treatment including physical therapy and to be evaluated by a medical practitioner with expertise in the treatment. And before Plaintiff prescription of nerve medication expires.

2. Carry out without delay the treatment directed by such medical practitioner.

3. Not for Plaintiff to be transferred while civil action is pending.

C. Awarded damages in the following:

1. Nominal damages for each violation of Plaintiff's rights by the defendants.

2. Compensatory damages in an amount to be proved at trial.

3. Punitive damages against the individual Defendants in an amount to be proved at trial.

4. Costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988, and under other applicable law.

5. Any other such relief that this Court deems just and equitable.

V.  **REQUEST FOR RELIEF**

State exactly what you want this court to do for you. If you are a state or federal prisoner and seek relief which affects the fact or duration of your imprisonment (for example: illegal detention, restoration of good time, expungement of records, or parole), you must file your claim on a habeas corpus form, pursuant to 28 U.S.C. §§ 2241, 2254, or 2255. Copies of these forms are available from the clerk's office.

VI. **JURY DEMAND** (*check one box below*)

The plaintiff ☐ does ☒ does not request a trial by jury.

### DECLARATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 11

I certify to the best of my knowledge, information, and belief, that this complaint is in full compliance with Rule 11(a) and 11(b) of the Federal Rules of Civil Procedure. The undersigned also recognizes that failure to comply with Rule 11 may result in sanctions.

Signed on: _Charles E. Thornton_       _Charles E. Thornton_
            (date)                      Signature of Plaintiff

_P.O. Box 1000_                         _Charles E. Thornton_
   Street Address                           Printed Name

_Menard, IL 62259_                      _Y19115_
   City, State, Zip                     Prisoner Register Number

_____
Signature of Attorney (if any)

(Rev. 7/2010)                    6

# ILLINOIS DEPARTMENT OF CORRECTIONS
## COMMITTED PERSON'S GRIEVANCE

Date: MARCH 14, 2017
Committed Person (Please Print): Charles Thornton
ID#: Y-19115

Present Facility: Menard
Facility where grievance issue occurred: Menard

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [x] Medical Treatment
- [ ] Disability
- [ ] Other (specify): 3-3-17

- [ ] Disciplinary Report: ___/___/___ Date of Report _____ Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: On March 7, 2017 my medication for Neurontin 3400 mg a day expired. I was taking neurontin for "severe nerve damage" pain due to a Gun shot wound to the "OROPHARYNX" which left a bullet lodged in my neck at a C2-C4 level. I have informed the medical care unit twice that I need my medication urgently renewed. Without it my upper body is in severe pain and it puts restrictions on a daily day-to-day living experiences. The medical unit has done nothing to even reduce the pain. I have been left in severe pain and denied medical care.

Relief Requested: I'm requesting to urgently be renewed the prescribed medication of Neurontin 3400 mg daily for the relief of the pain from severe nerve damage.

[x] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Thornton, Charles    Y-19115    3/14/17
Committed Person's Signature    ID#    Date

(Continue on reverse side if necessary)

**Counselor's Response (if applicable)**

RECEIVED
MAR 17 2017

Date Received: ___/___/___
- [ ] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

Print Counselor's Name    Counselor's Signature    Date of Response

**EMERGENCY REVIEW**

RECEIVED
MAR 16 2017
E31

Date Received: 3/17/17
Is this determined to be of an emergency nature?
- [x] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner.

J.T.    3/17/17
Chief Administrative Officer's Signature    Date

Distribution: Master File; Committed Person    Page 1    DOC 0046 (Eff. 10/2001)
(Replaces DC 5657)
Printed on Recycled Paper

ILLINOIS DEPARTMENT OF CORRECTIONS
RESPONSE TO OFFENDER'S GRIEVANCE

E-10-16

### Grievance Officer's Report

**Date Received:** March 17, 2017   **Date of Review:** March 17, 2017   **Grievance #** (optional): 83-3-17

**Offender:** Thornton, Charles   **ID#:** Y19115

**Nature of Grievance:** Medication (Neurontin)

**Facts Reviewed:** All information submitted to the Grievance Officer by the offender or institutional staff pertaining to this issue(s) being grieved has been thoroughly reviewed. Offender submitted a grievance dated 3-14-17 and grieves his medication (Neurontin) expired on 3-7-17. Offender grieves without the medication, he is in severe pain due to a bullet lodged in his neck.

**Relief requested:** Renew prescription.

This grievance (E31) dated 3-14-17 was submitted for emergency review by the Warden. The Warden determined to be of emergency nature and forwarded to the Grievance Office for processing on 3-17-17.

On 3-17-17 the Grievance Office forwarded this grievance to the Health Care Unit Administrator for review and response.

The HCUA advised offender was previously scheduled but not seen due to scheduling conflicts. However, offender was seen on 3-19-17 and medication renewed. Issue resolved.

**Recommendation:** Based upon a total review of all available information, it is the recommendation of this Grievance Officer that the inmate's grievance be MOOT. Seen on 3-19-17 and medication renewed.

Lori Oakley
Print Grievance Officer's Name          Grievance Officer's Signature
(Attach a copy of Offender's Grievance, including counselor's response if applicable)

### Chief Administrative Officer's Response

**Date Received:** March 23, 2017   ☑ I concur   ☐ I do not concur   ☐ Remand

**Comments:**

Chief Administrative Officer's Signature          3/23/17
                                                  Date

### Offender's Appeal To The Director

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

Thornton, Charles          Y-19115          4-2-17
Offender's Signature       ID#              Date

Bruce Rauner
Governor



John Baldwin
Acting Director

## The Illinois Department of Corrections

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

Offender Name: **Thornton, Charles**   Date: **4-21-17**

Register #: **Y19115**

Facility: **MEN**

This is in response to your grievance received on **4-5-17**. This office has determined the issue will be addressed without a formal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.

Your issue regarding: Grievance dated: **3-14-17**  Grievance Number: **83-3-17**  Griev Loc: **MEN**

- ○ Transfer denied by the Facility or Transfer Coordinator
- ○ Dietary _____
- ○ Personal Property _____
- ○ Mailroom/Publications _____
- ○ Assignment (job, cell) _____
- ○ Commissary _____
- ○ Trust Fund _____
- ○ Conditions (cell conditions, cleaning supplies)
- ○ Disciplinary Report dated _____ Incident # _____
- ☒ Other **Medical - Medication**

Based on a review of all available information, this office has determined your grievance to be:

- ○ Affirmed, Warden _____ is advised to provide a written response of corrective action to this office by _____.
- ○ Denied, in accordance with DR504F, this is an administrative decision.
- ○ Denied, this office finds the issue was appropriately addressed by the facility Administration.
- ○ Denied in accordance with AD05.03.103A (Monetary Compensation for Inmate Assignments)
- ○ Denied, as the transfer denial by the facility/TCO on _____ was reviewed in accordance with transfer procedures and is an administrative decision.
- ○ Denied as the facility is following the procedures outlined in DR525.
- ○ Denied as Cell Assignment/Housing is consistent with the Department's determination of the appropriate Operational capacity of each facility.
- ○ Denied as procedures were followed in accordance with DR 420 for removal/denial of an offender from/for an assignment.
- ○ Denied as this office finds no violation of the offender's due process in accordance with DR504.80 and DR504.30. This office is reasonably satisfied the offender committed the offense cited in the report.

Other: **Moot issue as offender's medication was renewed.**

FOR THE BOARD: **Melissa Phoenix**   CONCURRED: **John R. Baldwin**
Melissa Phoenix                                      John R. Baldwin
Administrative Review Board                          Acting Director

CC: Warden, **MEN** Correctional Center
    **Thornton, Charles**, Register No. **Y19115**

*Mission: To serve justice in Illinois and increase public safety by promoting positive change in offender behavior, operating successful reentry programs, and reducing victimization.*

www.illinois.gov/idoc