IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHARLES E. THORTON,

Plaintiff,

v.

JACQUELINE LASHBROOK et al.,

Defendants.                                         No. 17-cv-761-DRH-RJD

## MEMORANDUM and ORDER

HERNDON, District Judge:

### Introduction & Background

This matter comes before the Court on the Report and Recommendation ("Report") of Magistrate Judge Reona J. Daly (Doc. 41). The Report recommends that the Court deny plaintiff Charles E. Thorton's motion for preliminary injunction (Doc. 4). Thorton has objected to the Report. (Doc. 42). Based on the applicable law, the record and the following, the Court **ADOPTS** the Report (Doc. 41) in its entirety, and denies the motion for preliminary injunction (Doc. 4).

Plaintiff Charles E. Thornton brought this *pro se* action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. On July 24, 2017, the Court screened Thornton's complaint, and construed it to include a request for a preliminary injunction based on his request for "immediate" injunctive relief stemming from his Eighth Amendment claim of deliberate indifference to medical needs based on defendants' delay in filling plaintiff's prescription refill for

Neurontin (Doc. 3). In the screening Order, the Court also directed that a motion for preliminary injunction be added to the docket sheet.

Magistrate Judge Daly held an evidentiary hearing on the motion for preliminary injunction on August 23, 2017 (Doc. 25). Pursuant to 28 U.S.C. § 636(b)(1)(B), Magistrate Judge Daly submitted the Report on October 19, 2017 (Doc. 41). The Report recommends that the Court deny Thornton's motion for preliminary injunction finding that Thornton had not established irreparable harm. The Report also found that Plaintiff had not demonstrated a likelihood of success on the merits. The Report was sent to the parties with a notice informing them of their right to appeal by way of filing "objections" within 14 days of service of the Report. Plaintiff filed timely objections on October 23, 2017 (Doc. 42).

## Analysis

The Court's review of the Report is governed by 28 U.S.C. § 636(b)(1), which provides in part:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b) also directs that the Court must only make a *de novo* determination of those portions of the report and recommendation to which specific written objection has been made. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). If no objection or only a partial objection is made, the

Court reviews those unobjected portions for clear error. *Id*. In addition, failure to file objections with the district court "waives appellate review of both factual and legal questions." *Id*. Under the clear error standard, the Court can only overturn a Magistrate Judge's ruling if the Court is left with "the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

Specifically, the Report found:

> "Plaintiff has not demonstrated that he will suffer irreparable harm absent injunctive relief. Plaintiff's attempts to schedule appointments with physicians to renew his prescription were frustrated by consecutive cancellations that, according to Defendant Walls' testimony, are not likely to recur. Notably, at the evidentiary hearing, Plaintiff was advised that he could ask a physician about enrollment in a chronic care clinic and that he could purchase over-the-counter medication from the commissary, further reducing the likelihood that Plaintiff would be without any pain medication. Plaintiff's current prescription expires on January 5, 2018, leaving Plaintiff with ample time to take measures to prevent his prescription from lapsing. Further, no medical professional has recommended that Plaintiff receive physical therapy."
>
> Additionally, Plaintiff has not demonstrated a likelihood of success on the merits. For claims of deliberate indifference, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 765 (7th Cir. 2002). If an official reasonably responds to a risk, even if harm was not averted, deliberate indifference does not exist. *Id.*
>
> The record establishes Plaintiff's serious medical needs but contains minimal evidence that Defendants acted with deliberate indifference. Plaintiff was scheduled for an appointment each time he requested one, and Plaintiff's prescription was renewed each time he saw a medical professional with the authority to prescribe medication. Although some appointments were cancelled, the record suggests that the appointments were cancelled for legitimate reasons and due to circumstances outside

of the control of Defendants. In sum, the undersigned is unable to conclude that Plaintiff is reasonably likely to succeed on the merits based on the current evidentiary record.

(Doc. 41, pg. 4-5).

Here, the Court agrees with Magistrate Judge Daly's analysis in the Report and finds that Thorton is not entitled to injunctive relief, as he has not demonstrated that he will suffer irreparable harm absent injunctive relief, and has not demonstrated a likelihood of success on the merits.

## Conclusion

Accordingly, the Court **ADOPTS** the Report in its entirety (Doc. 41). The Court **DENIES** Thornton's motion for preliminary injunction (Doc. 4).

**IT IS SO ORDERED.**

Judge Herndon
2017.11.30
12:33:06 -06'00'

United States District Judge