# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHARLES E. THORNTON,                )
                                    )
            Plaintiff,              )
                                    )
    vs.                             )        Case No.  3:17-CV-761-DRH-RJD
                                    )
JACQUELINE LASHBROOK, et al.,       )
                                    )
            Defendants.             )

## MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

Before the Court is Plaintiff's Second Motion for Leave to File an Amended Complaint (Doc. 51).  Plaintiff Charles E. Thornton is an inmate in the custody of the Illinois Department of Corrections at Menard Correctional Center.  On July 20, 2017, Plaintiff commenced this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights (Doc. 1).  On July 24, 2017, the Court screened the complaint, and Plaintiff proceeds against Defendants Lashbrook, Walls, and Trost on an Eighth Amendment claim of deliberate indifference toward Plaintiff's serious medical needs for delaying Plaintiff's prescription refill (Doc. 3).  On November 1, 2017, Plaintiff was granted leave to file his First Amended Complaint (Doc. 45) naming two registered nurses as John Doe defendants.

On December 11, 2017, Plaintiff moved for leave to file his second amended complaint identifying two John Doe defendants as Ms. House and Ms. Gregson (Doc. 51).  According to the proposed second amended complaint, Ms. House and Ms. Gregson are registered nurses employed at Menard Correctional Center who were responsible for administering Plaintiff's medication in March 2017.  Federal Rule of Civil Procedure 15(a) states, "a party may amend the

party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." "Reasons for finding that leave should not be granted include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007). Considering the early stage of the proceedings, the Court finds no reason to deny leave to amend.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to File a Second Amended Complaint (Doc. 51) is **GRANTED**. The Clerk of Court is **DIRECTED** to file Plaintiff's Amended Pleading as submitted on December 11, 2017 as the Second Amended Complaint.

The Clerk of Court shall prepare for Defendants Nurse House and Nurse Gregson: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, and this Order to Defendants' places of employment as identified by Plaintiff. If Defendants fail to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendants, and the Court will require Defendants to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure. Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate of service stating the date on which a true and correct copy of any document was served on Defendants or counsel. Any paper

received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

**IT IS SO ORDERED.**

**DATED:  January 9, 2018**

*s/  Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**