# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES E. THORNTON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 3:17-CV-761-DRH-RJD ) |
| JACQUELINE LASHBROOK, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

Before the Court is Plaintiff's Motion for Leave to File a Supplemental Complaint (Doc. 140). Defendants filed a Joint Response (Doc. 143). Plaintiff Charles E. Thornton is an inmate in the custody of the Illinois Department of Corrections at Menard Correctional Center. On July 20, 2017, Plaintiff commenced this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. On August 14, 2018, Plaintiff was allowed to file a Fourth Amended Complaint proceeding on the following counts:

**Count 1 -** Eighth Amendment deliberate indifference to medical needs claim against Nurse Walls, Doctor Trost, Lee Gregson, Juanita House, Reva Engelage, Shelby Dunn, Cassandra Norton, Martha Oakley, Tara Chadderton, and Warden Lashbrook for refusing to provide Plaintiff's prescription medication (Neurontin) from March 7-29, 2017.

**Count 2 -** Wexford Health Sources had an unconstitutional policy or custom that prevented Plaintiff from receiving his prescription refill for Neurontin from March 7-29, 2017, in violation of the Eight Amendment.

Plaintiff now seeks to file a fifth amended complaint adding a retaliation claim against Cassandra Norton for events that occurred on July 29, 2018.

Federal Rule of Civil Procedure 15(a) states, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when

justice so requires." "Reasons for finding that leave should not be granted include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007).

Defendants filed a Response arguing Plaintiff's motion should be denied because the claim he seeks to add is futile and because the additional amendment would unduly delay the proceedings. Plaintiff's proposed fifth amended complaint seeks to add an allegation against Cassandra Norton for events that occurred on July 29, 2018. Plaintiff alleges Norton instigated an argument with him in retaliation for his filing this lawsuit, and that as a result of that argument, he now receives his medication in crushed up liquid form, rather than capsule form. Defendants assert that given the immediacy of Plaintiff's new claim, Plaintiff could not have fully exhausted his administrative remedies for his retaliation claim in accordance with the Prison Litigation Reform Act. Defendants argue that Plaintiff's proposed new claim is futile based on his failure to exhaust administrative remedies. Defendants also argue that this case is eight months into merit-based discovery and because discovery is set to close on December 18, 2018, allowing a new claim will unduly delay the proceedings.

Plaintiff has been allowed to amend his Complaint on four previous occasions. The Court finds that allowing Plaintiff to file a fifth amended complaint to assert a new claim of retaliation at this stage would unduly prejudice the opposing parties. Further, because Plaintiff's motion seeking leave to add a claim occurred only three weeks after the alleged events, it is highly unlikely that Plaintiff has exhausted his administrative remedies; therefore, adding the claim would be futile.

Based on the foregoing, Plaintiff's Motion for Leave to File a Supplemental Complaint (Doc. 140) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  August 30, 2018**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**