IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHARLES THORTON,

    Plaintiff,

v.

                                    No. 17-cv-761-DRH-RJD

JACQUELINE LASHBROOK, et al.,

    Defendant.

## MEMORANDUM and ORDER

HERNDON, District Judge:

### I. Introduction

Pending before the Court is an August 27, 2018 Report and Recommendation ("the Report") issued by Magistrate Judge Reona J. Daley. (Doc. 142). Judge Daley recommends that the Court deny Plaintiff Thorton's Motion for a Temporary Restraining Order ("TRO") and Preliminary Injunction. (Doc. 131). The parties were allowed time to file objections to the Report and on September 6, 2018, Plaintiff Thorton filed an objection. (Doc. 151). Based on the applicable law, the record and the following, the Court **ADOPTS** the Report in its entirety.

### II. Background

Plaintiff Thorton brought this *pro se* action seeking a TRO that has been *de facto* converted into a motion for preliminary injunction as the defendant is on notice of the request and has been given an opportunity to respond. *See Doe v.*

*Village of Crestwood, Illinois*, 917 F.2d 1476, 1477 (7th Cir. 1990). Plaintiff is an inmate in the custody of the Illinois Department of Corrections at Menard Correctional Center ('Menard"). On July 20, 2017, Plaintiff commenced this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Plaintiff is proceeding on the following counts:

> **Count 1 -** Eighth Amendment deliberate indifference to medical needs claim against Nurse Walls, Doctor Trost, Lee Gregson, Juanita House, Reva Engelage, Shelby Dunn, Cassandra Norton, Martha Oakley, Tara Chadderton, and Warden Lashbrook for refusing to provide Plaintiff's prescription medication (Neurontin) from March 7-29, 2017.
>
> **Count 2 -** Wexford Health Sources had an unconstitutional policy or custom that prevented Plaintiff from receiving his prescription refill for Neurontin from March 7-29, 2017, in violation of the Eight Amendment.

Plaintiff now seeks a temporary restraining order/preliminary injunction compelling the medical staff at Menard to administer his medication in capsule form. Plaintiff is prescribed Neurontin to treat pain. Previously, Plaintiff would receive the Neurontin in capsule form. The nurse distributing the medication would provide Plaintiff a capsule and perform a "mouth check" to ensure the medication was swallowed. The "mouth check" is a non-invasive visual inspection in which the offender opens his mouth and lifts his tongue. Following a dispute with a nurse regarding Plaintiff's compliance with a mouth check on July 29, 2018, it was ordered by the Medical Director that Plaintiff's medication be crushed and given with liquid for 30 days. Plaintiff objects to being provided his medication in liquid form because it is given in an unsecured cup of "watery

liquid" without a label attached. Plaintiff declines to take the medication in liquid form because he cannot verify the actual contents of the medication pass. Plaintiff took one dose of medication in liquid form and believes it was just water and has refused the liquid at each subsequent medication pass. Plaintiff alleges he is in extreme pain as a result of not receiving his medication in capsule form.

### III. Applicable Law

#### A. Preliminary Injunction

"The purpose of preliminary injunctive relief is to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Platinum Home Mortg. Corp. v. Platinum Fin. Group, Inc.*, 149 F.3d 722, 726 (7th Cir.1998). "In order to obtain a preliminary injunction, the moving party must show that: (1) they are reasonably likely to succeed on the merits; (2) no adequate remedy at law exists; (3) they will suffer irreparable harm which, absent injunctive relief, outweighs the irreparable harm the respondent will suffer if the injunction is granted; and (4) the injunction will not harm the public interest." *Joelner v. Village of Washington Park, Illinois*, 378 F.3d 613, 619 (7th Cir. 2004).

#### B. Review of the Report & Recommendation

The Court's review of the Report is governed by 28 U.S.C. § 636(b)(1), which provides in part:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the

magistrate judge with instructions.

Fed. R. Civ. P. 72(b) also directs that the Court must only make a *de novo* determination of those portions of the report and recommendation to which specific written objection has been made. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). If no objection or only a partial objection is made, the Court reviews those unobjected portions for clear error. *Id.* In addition, failure to file objections with the district court "waives appellate review of both factual and legal questions." *Id.* Under the clear error standard, the Court can only overturn a Magistrate Judge's ruling if the Court is left with "the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

## IV.   <u>Analysis</u>

In this case, Plaintiff seeks a preliminary injunction compelling the medical staff at Menard to administer his medication in capsule form because he objects to being provided his medication in liquid form because it is give in an unsecured cup of "watery liquid" without a label attached. Plaintiff declines to take the medication in liquid form because he cannot verify the actual contents of the medication pass. Judge Daley correctly found that:

> Plaintiff has failed to show that he will suffer irreparable harm absent injunctive relief. There is no evidence that Plaintiff is currently being denied his prescription medication. Plaintiff admits that he is being offered a liquid form of medication and that he is choosing to refuse the medication because he objects to the form. Plaintiff has offered no evidence of how receiving a crushed form, rather than capsule form of his medication, would cause harm.

> Interference with medication pass policy could cause irreparable harm to the institution. In correctional centers there is a risk of offenders abusing medications by combining doses or other medications, or selling medications to other offenders. Policies regarding "mouth checks" and crushed medications are implemented in order to prevent medication abuse and overdose. Medical staff has discretion to issue medication as deemed medically appropriate.

(Doc. 142, p. 3-4).

Therefore, after *de novo* review, the Court finds that Judge Daley was correct in her denial of Plaintiff's motion for preliminary injunction. The Court finds that Plaintiff's objection merely takes umbrage with current legal precedent that requires the denial of his motion.

## V. Conclusion

Accordingly, the Court **ADOPTS** the Report in its entirety (Doc. 142) and **DENIES** Plaintiff's Motion for a Temporary Restraining Order and a Preliminary Injunction (Doc. 131).

**IT IS SO ORDERED.**

Judge Herndon
2018.10.12
05:57:08 -05'00'

**United States District Judge**