IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES E. THORNTON, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 17-CV-761-SMY-RJD |
| JACQUELINE LASHBROOK, et al., | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Reona J. Daly (Doc. 236), recommending that Defendants' Motions for Summary Judgment (Docs. 213 & 217) be granted and Plaintiff's Motion for Summary Judgment (Doc. 221) be denied. Plaintiff filed a timely objection (Doc. 237). For the following reasons, the Report and Recommendation is **ADOPTED**.

## Background

Plaintiff Charles Thornton, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983, claiming his constitutional rights were violated while he was incarcerated at Menard Correctional Center ("Menard"). Plaintiff alleges the named defendants were deliberately indifferent to his medical needs by not providing his prescription medication, Neurontin, from March 7-29, 2017.

In July 2009, Plaintiff was shot through the mouth and the bullet remains lodged in the back of his neck. When he was released from the hospital, he was given a prescription for Neurontin (gabapentin). Plaintiff was incarcerated at Cook County Jail ("Cook County") from

July 2010 through 2017. He received Neurontin during his stay at Cook County although there were several instances when Plaintiff's prescription was discontinued or not immediately renewed. Plaintiff was examined throughout his time at Cook County and showed no signs or symptoms of distress. At one point, the prescription was discontinued for several months because Plaintiff was hoarding his old prescription and giving it to other prisoners. Plaintiff repeatedly threatened medical staff with lawsuits if his prescription for Neurontin/gabapentin was not renewed.

Plaintiff was transferred to Menard in February 2017. Upon arrival, his prescription was renewed for 30 days. On March 6, 2017, Nurse House informed Plaintiff that his prescription was getting ready to run out, and that he needed to request a refill. Plaintiff requested to see a doctor and get a refill the same day. Plaintiff was scheduled for the MD call line for March 12, 2017. Due to lack of nursing staff, emergencies and administrative duties, and doctor availability, Plaintiff wasn't seen until March 19, 2017. On that day, Plaintiff's prescription was renewed for a three-month time period.

From March 21-24, 2017 and again from March 27-31, 2017, Nurse House did not give Plaintiff the medicine during her med pass because the pharmacy had not provided the medication. During the days that the Plaintiff's medication was unavailable, Nurse House did not observe symptoms of any serious medical need. Plaintiff's medication became available on March 28, 2017. Plaintiff alleges he experienced pain in his neck and shoulder during the time he was without his medication. Plaintiff testified that he experienced pain while bending over, putting on his shoes, stretching out his arm, and getting into his top bunk bed. The pain kept Plaintiff from writing, except for grievances. The pain did not prevent Plaintiff from going to the chow hall.

In her Report, Judge Daly finds that the objective findings in Plaintiff's medical records do not establish a serious medical need for pain medication. She also concludes that none of the

named defendants acted with deliberate indifference to Plaintiff's alleged medical need, and therefore, Defendants are entitled to summary judgment on Plaintiff's deliberate indifference claim.

**Discussion**

Because a timely objection was filed, the undersigned must undertake a *de novo* review of the Report. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *see also Govas v. Chalmers,* 965 F.2d 298, 301 (7th Cir. 1992). *De novo* review requires the Court to "give fresh consideration to those issues to which specific objections have been made" and to make a decision "based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Id*.

Deliberate indifference to serious medical needs of prisoners may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Causation of harm is an essential element of a deliberate indifference to medical needs claim. *See Henderson v. Sheahan,* 196 F.3d 839, 848 (7th Cir. 1999). Thus, a plaintiff must demonstrate both that he has suffered an 'actual' present injury and that there is a causal connection between that injury and the deprivation of a constitutionally protected right caused by a defendant. *Id*.

For his objection, Plaintiff mainly asserts general objections to the Report without explanation. Specifically however, he asserts he provided evidence that shows the defendants in the health care unit tried to cover up the fact they refused to provide Plaintiff with his renewed prescription March 21-29, 2017. He also objects to Judge Daly's factual finding that his prescription was discontinued at the Cook County jail; arguing that he was still able access the

medicine on a dose by dose daily. Plaintiff objects to the finding that he refused to take his medicine from August 2, 2018-August 8, 2018. He argues that he was only given water, not crushed up medicine and water. Plaintiff also quotes his deposition testimony in his objection.

Local Rule 73.1(b) provides that written objections "shall specifically identify the portions of the ... recommendations or reports to which objection is made and the basis for such objections." Accordingly, the Court will only review the specific objections Plaintiff asserts. Regarding being taken off the Neurontin/gabapentin at the Cook County Jail, several doctors and nurses notes indicate that Plaintiff's prescription was discontinued during his time at the Cook County Jail. In fact, Plaintiff constantly threatened lawsuits if the prescription was not filled. Therefore, this objection is overruled.

Since filing the instant lawsuit, Plaintiff refused to take Neurontin from approximately August 2, 2018 through August 8, 2018, because it was crushed and floated in water due to security concerns with abuse of medication. The medical records support Judge Daly's factual finding on this issue. Accordingly, Plaintiff's objection overruled on this point as well.

The Court has carefully reviewed Judge Daly's Report and Recommendation and agrees with her conclusion that Plaintiff's subjective complaints of pain, which did not interfere with most of his daily activities for a period of only 21 days, are insufficient to establish an objectively serious medical need. Moreover, Plaintiff's refusal to take his medication in August 2018 combined with the occasions when Plaintiff was found to be hoarding his pills and/or giving them to other inmates demonstrates that Plaintiff does not have a serious medical need for the Neurontin.

## Conclusion

For the foregoing reasons, Magistrate Judge Daly's Report and Recommendation (Doc. 236) is **ADOPTED** in its entirety. Accordingly, Defendants' Motions for Summary Judgment

(Docs. 213 & 217) are **GRANTED**; Plaintiff's Motion for Summary Judgment (Doc. 221) is **DENIED**. Plaintiff's claims are **DISMISSED WITH PREJUDICE**. The Clerk of Court is **DIRECTED** to enter judgment accordingly and to close the case.

**IT IS SO ORDERED.**

**DATED:  September 30, 2019**

**STACI M. YANDLE**
**United States District Judge**